**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ETHAN NORRIS, individually and on behalf of all others similarly situated, | Case No. 3:24-cv-01267-VAB |
| Plaintiff, | |
| v. | |
| PHILIP MORRIS INTERNATIONAL INC. and SWEDISH MATCH NORTH AMERICA, LLC, | September 24, 2024 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**SWEDISH MATCH NORTH AMERICA LLC'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................2

I.      INTRODUCTION ...................................................................................................1

II.     BACKGROUND .....................................................................................................2

III.    ARGUMENT ...........................................................................................................3

        A.      Plaintiff Does Not Allege Facts Giving Rise to Personal Jurisdiction Over
                Swedish Match ............................................................................................3

                1.      Connecticut's Long-Arm Statute Does Not Support Jurisdiction
                        Over Swedish Match ........................................................................4

                2.      Exercising Personal Jurisdiction Over Swedish Match Based Upon
                        Plaintiff's Allegations Would Not Comport With Due Process
                        Requirements, If That Phase of the Analysis Were Reached .........7

        B.      Alternatively, and Without Waiving the Personal Jurisdiction Defense,
                Plaintiff's Complaint Fails to State a Claim Against Swedish Match ..........10

IV.     REQUEST FOR HEARING ..................................................................................11

V.      CONCLUSION .....................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Adams v. Aircraft Spruce & Specialty Co.*,
   284 A.3d 600 (Conn. 2022) ...................................................................................................8

*Agency Rent A Car Sys., Inc., v. Grand Rent A Car Corp.*,
   98 F.3d 25 (2d Cir. 1996)........................................................................................................6

*Azubuko v. United States*,
   2010 WL 1782149 (D. Conn. Apr. 29, 2010)........................................................................6

*Bates-Ferreira v. PMI*,
   No. 2:24-CV-00987 (E.D. Cal. Aug. 5, 2024).......................................................................6

*Beach v. Citigroup Alternative Investments LLC*,
   2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ...........................................................................5

*Bensmiller v. E.I. Dupont de Nemours & Co., State of La.*,
   47 F.3d 79 (2d Cir. 1995).......................................................................................................7

*Berdeaux v. OneCoin Ltd.*,
   561 F. Supp. 3d 379 (S.D.N.Y. 2021)....................................................................................5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................................8

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   592 U.S. 351 (2021)...............................................................................................................9

*Friedman v. Bloomberg L.P.*,
   884 F.3d 83 (2d Cir. 2017)..........................................................................................3, 4, 7, 8

*Good Banana LLC v. BML REC LLC*,
   2021 WL 8263572 (D. Conn. July 6, 2021) ......................................................................6, 7

*Hamann v. Carpenter*,
   2017 WL 421646 (D. Conn. Jan. 31, 2017)..........................................................................6

*In re Terrorist Attacks on September 11, 2001*,
   714 F.3d 659 (2d Cir. 2013)...................................................................................................8

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998)...................................................................................................4

*Kleftogiannis v. Inline Plastics Corp.*,
   411 F. Supp. 3d 216 (D. Conn. 2019) ..................................................................................10

*Lyons v. Birmingham Law Off., LLC*,
   224 Conn. App. 758 (2024) ....................................................................................................4

*Matthews v. SBA, Inc.*,
   149 Conn. App. 513, 89 A.3d 938 (2014) ..............................................................................4

*Napoli-Bosse v. Gen. Motors LLC*,
   453 F. Supp. 3d 536 (D. Conn. 2020) ..................................................................................10

*Papasan v. Allain*,
   478 U.S. 265 (1986) ...............................................................................................................4

*Ryan v. Cerullo*,
   282 Conn. 109 (2007) .............................................................................................................7

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
   750 F.3d 221 (2d Cir. 2014) ................................................................................................8, 9

*SPV Osus Ltd. v. UBS AG*,
   882 F.3d 333 (2d Cir. 2018) ...................................................................................................7

*Success Sys., Inc. v. Excentus Corp.*,
   439 F. Supp. 3d 31 (D. Conn. 2020) ......................................................................................4

*Suri v. Wolters Kluwer Elm Solutions, Inc.*,
   2022 WL 526497 (D. Conn. Feb. 22, 2022) ..........................................................................6

*The Cousteau Soc., Inc. v. Cousteau*,
   498 F. Supp. 3d 287 (D. Conn. 2020) ....................................................................................8

*U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*,
   916 F.3d 143 (2d Cir. 2019) ...................................................................................................8

*Whitaker v. Am. Telecasting, Inc.*,
   261 F.3d 196 (2d Cir. 2001) ................................................................................................4, 7

## STATUTES

Conn. Gen. Stat. § 52-59b ..............................................................................................4, 5, 7

## RULES

Fed. R. Civ. P. 12(g) .............................................................................................................10

Fed. R. Civ. P. 12(b) ..............................................................................................2, 6, 10, 11

**I.      INTRODUCTION**

This Court lacks personal jurisdiction over Swedish Match North America LLC ("Swedish Match"), an entity with no Connecticut contacts pertinent to this case. Plaintiff alleges that he suffered harm as a result of Swedish Match's supposed misrepresentations about ZYN. But Plaintiff is a *Florida* resident, who purportedly saw the alleged representations at issue in *Florida*, allegedly relied on those representations in *Florida* when purchasing ZYN in *Florida*, and now brings suit under *Florida's* consumer protection laws, seeking to represent a class of *Florida* consumers. There is no connection whatsoever between Plaintiff and Connecticut, other than that Plaintiff has also chosen to bring suit against another company—Philip Morris International Inc. ("PMI")—that just so happens to be headquartered in the state.[1] But jurisdiction must be assessed as to each defendant separately, and the fact that this Court may have general jurisdiction over PMI does not establish personal jurisdiction (either general or specific) over Swedish Match.

As to Swedish Match, Plaintiff's sole jurisdictional allegation is that the company does business in and has contacts with Connecticut as a result of its marketing, advertising, and selling of ZYN in the state. Compl. ¶ 14. However, Plaintiff has failed to allege any connection between any Swedish Match activity in Connecticut and his claims, all of which relate to activity in Florida. Thus Plaintiff's claims cannot have arisen out of Swedish Match's contacts with Connecticut, as required by the state long-arm statute and due process. The mere fact that Swedish Match may also sell ZYN to consumers in Connecticut does not permit a Florida resident who bought and used the product in Florida to sue the company in Connecticut. Indeed, if that were sufficient, a consumer could sue a company with nationwide business in any state—a result plainly at odds

---

[1] Defendant Philip Morris International Inc. has its principal place of business in Stamford, Connecticut. Swedish Match is an indirect, wholly owned subsidiary of Philip Morris International Inc. *See* Corporate Disclosure Statement of Swedish Match North America LLC (ECF No. 14).

with the U.S. Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, and well-settled law on the reach of Connecticut's long-arm statute and the bounds imposed by due process.  582 U.S. 255, 265 (2017) (no personal jurisdiction over non-resident defendant for alleged injury arising out of the purchase and use of defendant's product outside the forum state).  Plaintiff's case would stand the concept of specific jurisdiction on its head, a result this Court cannot countenance, and thus dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2).

Alternatively, and without waiving the Rule 12(b)(2) arguments, the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim against Swedish Match.  For the reasons stated in Defendant PMI's Motion to Dismiss (ECF No. 53-1), which Swedish Match hereby joins, Plaintiff has failed to state a claim for which relief can be granted, and so his Complaint should be dismissed against all defendants.

**II.     BACKGROUND**

Swedish Match is an LLC organized under Delaware law and headquartered in Virginia. Compl. ¶ 21.  All of the Plaintiff-specific allegations contained in the Complaint concern Florida. Plaintiff Ethan Norris is a Florida citizen, residing in Tampa, Florida.  *Id.* ¶ 16.  Apparently while living in Florida, Plaintiff "became aware of ZYN" through his friends, social media, and "most notably, point-of-sale advertising and advertising outside of gas stations and Wawa convenience stores."  *Id.* ¶ 122.  Plaintiff first purchased ZYN in November 2022, "from a Village Mini Mart store in Tampa, Florida."  *Id.* ¶ 124.  Plaintiff alleges that when he did so, he believed that "ZYN was a safer and healthier alternative to smoking and . . . that ZYN could help him stop using e-cigarettes . . . ."  *Id.* ¶ 125.  Although Plaintiff does not specify what ZYN advertising he saw, he alleges that the purportedly misleading advertisements for ZYN were "made and disseminated from Florida."  *Id.* ¶ 159; *see also id.* ¶ 122.  Plaintiff alleges that the supposed misrepresentations

2

concerning ZYN violated Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA") (Fla. Stat. § 501.201, *et seq.*) and Florida's prohibitions against false and misleading advertising (Fla. Stat. § 817.41, *et seq.*).  *See* Compl. ¶¶ 137-64.  Plaintiff also seeks to represent classes of Florida ZYN users.  *Id.* ¶ 127(c)-(d).  Finally, Plaintiff alleges that his use of ZYN has resulted in economic harm and personal injury, *see id.* ¶¶ 126, 156, which also necessarily occurred in Florida given that Plaintiff alleges that he first purchased ZYN in Florida and still lives in Florida.

There is not a single allegation in the Complaint connecting Plaintiff to Connecticut. Rather, Plaintiff alleges that he is a "consumer" under Florida law, the product is a "good" under Florida law, and the transactions of which he complains are "trade and commerce as defined by the FDUTPA."  *Id.* ¶ 139.  He further alleges that Swedish Match "engaged in trade or commerce in Florida … in that [Swedish Match] advertised, offered for sale, sold, or distributed goods . . . in Florida and/or engaged in trade or commerce directly or indirectly affecting the people of Florida." *Id.* ¶ 142.  Plaintiff acknowledges that Swedish Match is not a Connecticut company, but rather is organized under the laws of Delaware and has its principal place of business in Richmond, Virginia.  *Id.* ¶ 21.  The only factual allegations in the Complaint pertaining to Connecticut concern Defendant Philip Morris International Inc., which is headquartered in Connecticut.  *See id.* ¶¶ 13, 17.  Thus, there is no tie whatsoever between any conduct by Swedish Match in Connecticut and Plaintiff's claims.

### III. ARGUMENT

#### A. <u>Plaintiff Does Not Allege Facts Giving Rise to Personal Jurisdiction Over Swedish Match</u>

It is Plaintiff who bears the burden of demonstrating that personal jurisdiction exists, a burden not met by the allegations of the Complaint.  *See Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017).  A plaintiff satisfies that burden "by pleading in good faith . . . legally

sufficient allegations of jurisdiction, *i.e.*, by making a 'prima facie showing' of jurisdiction." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *see also Success Sys., Inc. v. Excentus Corp.*, 439 F. Supp. 3d 31, 49 (D. Conn. 2020) (Bolden, J.). In determining whether a plaintiff has made a sufficient prima facie showing of jurisdiction, this Court cannot simply "accept as true a legal conclusion couched as a factual allegation." *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Here, the Complaint's allegations that purportedly go to jurisdiction over Swedish Match are insufficient on their face to make the required prima facie showing of jurisdiction. Whether analyzed under Connecticut's relevant long-arm statute or the Due Process Clause of the U.S. Constitution, Plaintiff's Complaint fails to meet its burden to adequately plead personal jurisdiction over Swedish Match.

### 1. Connecticut's Long-Arm Statute Does Not Support Jurisdiction Over Swedish Match

Plaintiff fails at the first step of the required jurisdictional inquiry: the Complaint does not and cannot satisfy Connecticut's applicable long-arm statute. *See Friedman*, 884 F.3d at 90 (Courts "must look first to the long-arm statute of the forum state."). Because Swedish Match is organized as a limited liability company, Connecticut's general long-arm statute, Conn. Gen. Stat. § 52-59b, provides the legal standard for jurisdiction. *Lyons v. Birmingham Law Off., LLC*, 224 Conn. App. 758, 775 (2024) ("[O]ur general long arm jurisdiction provision, § 52-59b, rather than our corporation specific long arm provision, [General Statutes] § 33-929, applies to foreign [limited liability companies].") (quoting *Matthews v. SBA, Inc.*, 149 Conn. App. 513, 546, 89 A.3d 938, *cert. denied*, 312 Conn. 917, 94 A.3d 642 (2014)). Under that statute, Plaintiff's claims must "aris[e] from" certain enumerated forum contacts such as (1) business transactions in Connecticut,

4

(2) a tortious act committed in Connecticut, or (3) a tortious act committed outside Connecticut that caused injury to a person in Connecticut.[2]  Conn. Gen. Stat. § 52-59b(a).

Plaintiff does not allege that any of his claims arose from any of Swedish Match's activities in Connecticut, or that those activities caused him any injury in Connecticut.[3]  On the contrary, Plaintiff admits that all conduct *relevant to him and his claims* occurred in Florida.  Plaintiff alleges Swedish Match made "misrepresentations" that it "caused to be disseminated *from Florida.*"  Compl. ¶ 159 (emphasis added).  Plaintiff allegedly saw (unspecified) ZYN advertisements in Florida, where he lives, including "point-of-sale advertising and advertising outside of gas stations and Wawa convenience stores."  *Id.* ¶¶ 16, 122.  Plaintiff allegedly bought ZYN in Florida.  *Id.* ¶ 124.  And as a result, Plaintiff was allegedly injured in Florida.  *Id.* ¶¶ 16, 126.  From start to finish, all relevant conduct relating to Plaintiff's claims took place in Florida—there is not a word about any alleged injury-causing activity, or the injury itself, occurring in Connecticut.

Plaintiff makes just one attempt to connect Swedish Match to Connecticut, asserting that Swedish Match has "availed itself of the privilege of doing business in the State of Connecticut," including by "marketing, advertising and selling ZYN within the State of Connecticut."  *See*

---

[2] Further, when a plaintiff relies on this third prong (tortious act outside the state causing an injury within the state), personal jurisdiction further requires that the defendant "regularly does or solicits business" in the state, derives "substantial revenue from goods used" in the state, or should reasonably expect the act to have "consequences" in the state. Conn. Gen. Stat. § 52-59b(a)(3).

[3] While Plaintiff has filed this case as a putative class action, "personal jurisdiction is based on a defendant's contacts with the forum state and actions giving rise to the named plaintiffs' causes of action.  Contacts with unnamed class members may not be used as a jurisdictional basis, especially before a class has been certified." *Beach v. Citigroup Alternative Investments LLC*, 2014 WL 904650, at *6 (S.D.N.Y. Mar. 7, 2014).  Thus, "the unnamed class members, who may or may not ever become parties to this action, are irrelevant to the question of specific jurisdiction." *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379 (S.D.N.Y. 2021).

Compl. ¶ 14.[4] But even if the Court accepts that allegation as true for purposes of this motion, it would not be legally sufficient to support an exercise of jurisdiction. Plaintiff completely ignores the statutory requirement that his cause of action "arise from" Swedish Match's supposed actions in Connecticut. *See, e.g.*, *Good Banana LLC v. BML REC LLC*, 2021 WL 8263572, at *4-8 (D. Conn. July 6, 2021) (Connecticut's long-arm statute not satisfied where plaintiff failed to establish that its cause of action arose from the defendant's activity in Connecticut); *Hamann v. Carpenter*, 2017 WL 421646, at *5 (D. Conn. Jan. 31, 2017) (Bolden, J.) ("Mr. Hamann cannot establish jurisdiction over Mr. Carpenter based on his transaction of business in Connecticut because he has not alleged a cause of action that arose from Mr. Carpenter's Connecticut-based business."); *Azubuko v. United States*, 2010 WL 1782149, at *2 (D. Conn. Apr. 29, 2010) (Connecticut's long-arm statute not satisfied where "[n]one of the events identified in the Plaintiff's complaint" giving rise to its cause of action were "alleged to have occurred in or have any connection to Connecticut"). Typically, courts will find the "arise from" requirement met if "there exists a substantial nexus between the business transacted and the cause of action sued upon." *Good Banana*, 2021 WL 8263572, at *7 (quoting *Agency Rent A Car Sys., Inc., v. Grand Rent A Car Corp.*, 98 F.3d 25, 31 (2d Cir. 1996)); *see also Suri v. Wolters Kluwer Elm Solutions, Inc.*, 2022

---

[4] The paragraph immediately preceding that one reveals the presumable reason that Plaintiff chose to file this case in Connecticut federal court, namely that there is general jurisdiction over "Defendant Philip Morris because Philip Morris is headquartered in Connecticut." *Id.* ¶ 13. Counsel for Plaintiff have filed a similar lawsuit in the Eastern District of California, initially naming both PMI and Swedish Match as defendants. When PMI moved under Rule 12(b)(2) to dismiss for lack of personal jurisdiction, Plaintiff's counsel decided to voluntarily dismiss PMI from that action. Notice of Voluntary Dismissal Without Prejudice of Plaintiff's Claims Against PMI, *Bates-Ferreira v. PMI*, No. 2:24-CV-00987 (E.D. Cal. Aug. 5, 2024), ECF No. 29; Defendant Philip Morris International Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint, *id.*, (June 7, 2024), ECF No. 26. Perhaps recognizing that they could sue PMI in Connecticut, counsel brought this action in the District of Connecticut while continuing to pursue a case against only Swedish Match in the Eastern District of California. But Plaintiff's counsel failed to recognize that Plaintiff's claims against Swedish Match here also fail for lack of jurisdiction.

WL 526497, at *3 (D. Conn. Feb. 22, 2022) (same); *Ryan v. Cerullo*, 282 Conn. 109, 123 (2007) (declining jurisdiction because plaintiffs' claim of negligent preparation of New York tax returns arose solely from the alleged preparation of those New York returns, and not any Connecticut returns also prepared by defendants). Here, there is simply no nexus—alleged or otherwise—between any supposedly wrongful actions by Swedish Match in *Connecticut* and Plaintiff's claim, which arises from Plaintiff allegedly seeing advertising *in Florida* and allegedly buying ZYN *in Florida*.

Because Plaintiff's claims have no connection to any alleged act or business activity by Swedish Match *in Connecticut*, the state's long-arm statute cannot provide jurisdiction over Swedish Match in this case. That should be the end of the matter.

### 2. Exercising Personal Jurisdiction Over Swedish Match Based Upon Plaintiff's Allegations Would Not Comport With Due Process Requirements, If That Phase of the Analysis Were Reached

Because Plaintiff's Complaint does not satisfy Connecticut's long-arm statute, the Court "need not address the question whether jurisdiction over [Swedish Match] comports with due process" under the Fourteenth Amendment. *Good Banana*, 2021 WL 8263572, at *8; *see Friedman*, 884 F.3d at 90.[5] But even if the long-arm statute did reach Plaintiff's claims, this Court would still lack jurisdiction over Swedish Match because Plaintiff cannot satisfy the due process requirements "(1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *SPV Osus Ltd. v. UBS AG*,

---

[5] In the Second Circuit, the jurisdictional analysis proceeds in two steps: consideration first of whether the relevant state's long-arm statute actually reaches the conduct at issue, and only if it does, consideration next of due process limitations. *Bensmiller v. E.I. Dupont de Nemours & Co., State of La.*, 47 F.3d 79, 81 (2d Cir. 1995); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208-09 (2d Cir. 2001). Unlike many states' long-arm statutes, Connecticut's statute "does not provide for jurisdiction to the limits of due process." *Friedman*, 884 F.3d at 91; *see also* Conn. Gen. Stat. § 52-59b.

882 F.3d 333, 343 (2d Cir. 2018) (quoting *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 674 (2d Cir. 2013)). Plaintiff does not allege any facts that could satisfy these bedrock constitutional requirements.

Plaintiff cannot meet his burden to establish jurisdiction over Swedish Match because, once again, Plaintiff's claims have no connection to Swedish Match's contacts with Connecticut. As Plaintiff concedes, there is no "general jurisdiction" in this case because Swedish Match is neither incorporated nor has its principal place of business in Connecticut.[6]  Compl. ¶¶14, 21; *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) ("For a corporation . . . the place of incorporation and the principal place of business [are] the paradigm bases [for general jurisdiction]"). The Court may exercise "specific jurisdiction" over a defendant only where, among other requirements, the plaintiff's claim "arise[s] out of or relate[s] to the defendant's forum conduct." *The Cousteau Soc., Inc. v. Cousteau*, 498 F. Supp. 3d 287, 305 (D. Conn. 2020) (quoting *U.S. Bank Nat'l Assoc. v. Bank of Am. N.A.*, 916 F.3d 143, 150 (2d Cir. 2019)). This "case-linkage element" of personal jurisdiction "focuses on whether the *plaintiff's specific claim* is sufficiently connected to the defendant's forum contacts." *Adams v. Aircraft Spruce & Specialty Co.*, 284 A.3d 600, 616 (Conn. 2022). In cases like this one, courts generally require that the sale or use of the product that allegedly caused the plaintiff's injury took place in the forum state. *Id.* at 621-22.

Plaintiff's claims do not arise from any contacts Swedish Match has *with Connecticut*. The Supreme Court's *Bristol-Myers Squibb* decision is instructive. There, non-California plaintiffs

---

[6]   To be sure, PMI is subject to such jurisdiction in Connecticut because its principal place of business is in the state. But this Court must assess jurisdiction separately for each defendant, *see Friedman*, 884 F.3d at 90, and there is no general jurisdiction over Swedish Match. Plaintiff acknowledges that Swedish Match (1) is organized in Delaware and (2) has its principal place of business in Virginia, and (3) he alleges only "minimum contacts" with Connecticut, Compl. ¶¶ 14, 21, far from the "continuous and systematic affiliations" that would render Swedish Match "essentially at home" for jurisdictional purposes. *See Sonera*, 750 F.3d at 223, 225 (citation omitted); *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

alleged personal jurisdiction in California over a non-resident drug manufacturer for claims related to the plaintiffs' alleged injuries from use of the defendant's drug. 582 U.S. at 259, 264. The Court squarely held that specific jurisdiction did not exist: "the nonresidents were not prescribed [the drug] in California, did not purchase [the drug] in California, did not ingest [the drug] in California, and were not injured by [the drug] in California." *Id.* at 264-65. The "mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 265.

Plaintiff's jurisdictional allegations should meet the same fate as the non-resident plaintiffs' allegations in *Bristol-Myers Squibb*. Plaintiff does not allege that he was harmed by any act or omission by Swedish Match that occurred in, or was even aimed at, Connecticut. Plaintiff admits that he purchased, used, and allegedly suffered harm from ZYN in Florida. *Id.* ¶¶ 124, 126; *see supra* Section II. Plaintiff "did not purchase [ZYN] in [Connecticut], did not ingest [ZYN] in [Connecticut], and [was] not injured by [ZYN] in [Connecticut]." *Bristol-Myers Squibb*, 582 U.S. at 265.[7] Nor does he allege that he ever saw or relied on marketing or promotion of ZYN in Connecticut, much less that Connecticut marketing had any connection to his alleged injury in Florida. And lest there be any doubt of the Florida core of this case, two of Plaintiff's three causes of actions are based on *Florida* consumer protection laws. Compl. ¶¶ 137-64 (Counts I and II for violations, respectively, of FDUPTA and Fla. Stat. § 817.41 *et seq.*) Plaintiff's generalized, conclusory allegation that Swedish Match sold ZYN—but not to Plaintiff—"within

---

[7] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021), is not to the contrary. There, the plaintiffs purchased the allegedly defective products outside of the forum states, but were *injured in* the forum states, which the court found was sufficient to establish personal jurisdiction. *Id.* at 356. That is not the case here, where Plaintiff's alleged injury necessarily took place in Florida, and so *Bristol Myers* is controlling in this case. *See* Compl. ¶¶ 124, 126; *see also Bristol-Myers Squibb*, 582 U.S. at 265.

the State of Connecticut" is insufficient to establish personal jurisdiction over Swedish Match in this case. Ultimately, "[w]hat is needed—and what is missing here—is a connection between the forum *and the specific claims at issue*." *Bristol-Myers Squibb*, 582 U.S. at 265 (emphasis added); *see Napoli-Bosse v. Gen. Motors LLC*, 453 F. Supp. 3d 536, 541 (D. Conn. 2020) (finding no jurisdiction when plaintiffs failed to "allege[] any facts suggesting that their particular claims arise out of [defendant's] contacts with the state of Connecticut.").

\*     \*     \*

In sum, Plaintiff presents no viable theory under which Swedish Match could be subject to personal jurisdiction in this case. First—and ending the inquiry—Plaintiff's allegations fail to satisfy Connecticut's long-arm statute to exercise jurisdiction over Swedish Match. Second, Plaintiff fails the constitutional analysis. Plaintiff concedes Swedish Match is not subject to general jurisdiction in Connecticut. And Plaintiff does not, and cannot, allege facts to support specific jurisdiction over Swedish Match because none of Swedish Match's contacts with Connecticut gave rise to or are in any way connected to Plaintiff's claims. Consequently, Swedish Match must be dismissed from this case under Rule 12(b)(2) without leave to amend. *See, e.g.*, *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 230 (D. Conn. 2019) (Bolden, J.) (dismissal without leave to amend is appropriate when "there is no indication that pleading additional facts would resuscitate a claim that has been dismissed.").

### B.   Alternatively, and Without Waiving the Personal Jurisdiction Defense, Plaintiff's Complaint Fails to State a Claim Against Swedish Match

On September 24, 2024, PMI filed a motion to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failure to state a claim. *See* ECF No. 53-1. Without waiving and subject to its personal jurisdiction defense, Swedish Match adopts and hereby joins PMI's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. *See id.*; *see also* Fed. R. Civ. P. 12(g)(1) ("A motion under this

rule may be joined with any other motion allowed by this rule."). Plaintiff makes the same allegations against Swedish Match as against PMI, premised on the same alleged conduct concerning the same product and seeking the same relief. *See generally* Complaint. Filing and adjudicating a separate Rule 12(b)(6) motion to dismiss the Complaint as to Swedish Match would therefore be redundant and a waste of this Court's and the parties' resources.

## IV.   REQUEST FOR HEARING

Pursuant to Local Rule 7(a)(1)-(2), Swedish Match respectfully requests oral argument on this motion so that Swedish Match may respond to any questions the Court may have.

## V.   CONCLUSION

For the foregoing reasons, all claims against Swedish Match in Plaintiff's Complaint should be dismissed without leave to amend.

Dated: September 24, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Brian E. Spears*
　　　　　　　　　　　　　　　　　　　　Brian E. Spears [ct14240]
　　　　　　　　　　　　　　　　　　　　Leslie A. Cahill [ct31242]
　　　　　　　　　　　　　　　　　　　　SPEARS MANNING & MARTINI, LLC
　　　　　　　　　　　　　　　　　　　　2425 Post Road, Suite 203
　　　　　　　　　　　　　　　　　　　　Southport, CT 06890
　　　　　　　　　　　　　　　　　　　　Tel: (203) 292-9766
　　　　　　　　　　　　　　　　　　　　Facsimile: (203) 292-9682
　　　　　　　　　　　　　　　　　　　　Email:  bspears@spearsmanning.com
　　　　　　　　　　　　　　　　　　　　　　　　  lcahill@spearsmanning.com

　　　　　　　　　　　　　　　　　　　　Daniel B. Levin [phv208245]
　　　　　　　　　　　　　　　　　　　　Bethany W. Kristovich [phv208247]
　　　　　　　　　　　　　　　　　　　　MUNGER, TOLLES, & OLSON LLP
　　　　　　　　　　　　　　　　　　　　350 South Grand Avenue, 50th Floor
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071-3426
　　　　　　　　　　　　　　　　　　　　Tel: (213) 683-9100
　　　　　　　　　　　　　　　　　　　　Facsimile: (213) 687-3702
　　　　　　　　　　　　　　　　　　　　Email:  Daniel.Levin@mto.com
　　　　　　　　　　　　　　　　　　　　　　　　  Bethany.Kristovich@mto.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Swedish Match North America LLC*

11

## **CERTIFICATION OF SERVICE**

This is to certify that on this date, a copy of the foregoing Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

By: /s/ *Brian E. Spears*
Brian E. Spears [ct14240]
SPEARS MANNING & MARTINI, LLC
2425 Post Road, Suite 203
Southport, CT 06890
Tel: (203) 292-9766
Facsimile: (203) 292-9682
Email: bspears@spearsmanning.com