UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ETHAN NORRIS,
    *Plaintiff*,

v.

PHILLIP MORRIS INTERNATIONAL INC.,
    *Defendant.*

No. 3:24-cv-1267 (VAB)

**RULING AND ORDER ON MOTION TO STAY**

Ethan Norris ("Plaintiff") has brought a class action suit on behalf of himself and others similarly situated against Philip Morris International Inc.[1] ("Defendant" or "Philip Morris") for violations of Florida's Deceptive and Unfair Trade Practices Act ("Count One"), false and misleading advertising under Florida law ("Count Two"), and unjust enrichment ("Count Three") arising out of Philip Morris's production and marketing of allegedly addictive oral nicotine pouches sold under the name ZYN. *See* Complaint, ECF No. 1 (Jul. 30, 2024) ("Compl.").

Philip Morris has filed a motion to stay this action under the first-filed rule in light of a previously filed class action complaint against Philip Morris, *Kelly v. Philip Morris International Inc., et al.*, No. 24-cv-60437-WPD (S.D. Fla.) ("*Kelly*"). Mot. to Stay, ECF No. 82 (Apr. 11, 2025).

For the following reasons, the motion to stay under the first-filed rule is **GRANTED**. This case will be stayed until a decision regarding class certification is issued in *Kelly v. Philip Morris International Inc., et al.*, No. 24-cv-60437-WPD (S.D. Fla.).

---

[1] Although the Plaintiff names "Phillip Morris International Inc." as Defendant in his case caption, the Court refers to Defendant as "Philip Morris International Inc." or "Philip Morris" in this Order.

As a result of this Ruling and Order, the pending motion to stay discovery, ECF No. 48 and the motion to dismiss and for a more definite statement, ECF No. 53, are **DENIED** without prejudice to renewal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

#### 1. Mr. Norris's Action

Philip Morris allegedly produces and sells oral nicotine pouches under the brand name ZYN. Compl. ¶ 1. Philip Morris allegedly marketed ZYN as "being healthy and a nicotine-cessation device," *id.* ¶ 7, and allegedly "made a targeted effort to push ZYN on adolescents and young adults," *id.* ¶ 9. Philip Morris, however, allegedly knew the product did not have health benefits and was addictive. *Id.* ¶ 7.

Mr. Norris's domicile is allegedly in Tampa, Florida, and he allegedly purchased ZYN as a minor. *Id.* ¶ 16. Mr. Norris seeks to bring this action on behalf of himself and several subclasses, including on behalf of all persons in the United States who used ZYN oral nicotine pouches, all youth in the United States who used ZYN, Florida residents who used ZYN, and Florida youth who used ZYN while under the age of 18. *See id.* ¶ 127.

He alleges that questions of law and fact common to classes include, among other issues, "[w]hether Defendants' targeting of youth and young adults in the marketing and sale ZYN was unfair and/or unconscionable" and "[w]hether Defendant[] [has] been unjustly enriched through the false, misleading and deceptive advertising of ZYN and the marketing and sale of ZYN to youth and young adults[.]" *Id.* ¶ 134.

### 2. The *Kelly* Action

Zachary Kelly filed suit against Philip Morris, Swedish Match North America, LLC ("Swedish Match"), Philip Morris Global Brands, Inc., and PMI Global Services, Inc. for claims arising out of their sale of ZYN. Compl., *Kelly v. Philip Morris International Inc., et al.*, Case No. 24-cv-60437-WPD (S.D. Fla. March 19, 2024), ECF No. 1 ("*Kelly* Compl."); Am. Compl. *Kelly v. Philip Morris International Inc., et al.*, Case No. 24-cv-60437-WPD (S.D. Fla. December 4, 2024), ECF No. 87 ("*Kelly* Am. Compl."). Mr. Kelly alleged that Philip Morris and Swedish Match falsely claimed that ZYN is "a smokeless nicotine replacement therapy" and allegedly "purposefully target[ed] youth and naïve tobacco users." *Kelly* Am. Compl. ¶¶ 47–48.

Mr. Kelly's domicile is in Florida, and he alleges "using Zyn as a teenager." *Id.* ¶ 7. He seeks to bring a class action on behalf of all persons who purchased ZYN products, all Florida residents who purchased ZYN products, and all Florida residents who purchased ZYN products under the age of 21. *Id.* ¶ 71. He alleges that questions of law or fact common to the classes include, among other questions, "[w]hether Defendants unlawfully marketed Zyn to minors," "[w]hether Defendants engaged in unlawful, unfair or deceptive business practices," and "[w]hether Defendants made unlawful and misleading representations or material omissions with respect to Zyn products." *Id.* ¶ 75.

Mr. Kelly asserts claims for design defect, failure to warn, negligence, and fraudulent concealment. *See id.* ¶¶ 80–144.

### B. Procedural History

On March 19, 2024, Mr. Kelly filed his Complaint. *Kelly* Compl.

On May 6, 2024, Philip Morris moved to dismiss Mr. Kelly's Complaint for lack of personal jurisdiction. *Kelly*, ECF No. 30 (S.D. Fla. May 6, 2024).

3

On July 30, 2024, Mr. Norris filed his Complaint against Philip Morris and Swedish Match. Compl.

On August 20, 2024, in the *Kelly* action, the Southern District of Florida granted Philip Morris's motion to dismiss but permitted Mr. Kelly to conduct jurisdictional discovery. *Kelly*, ECF No. 59 (S.D. Fla. Aug. 20, 2024).

On September 20, 2024, in this action, Philip Morris and Swedish Match moved to stay discovery until after the resolution of their motions to dismiss. Mot. to Stay Discovery, ECF No. 48.

On September 24, 2024, also in this action, Philip Morris filed a motion to dismiss and for a more definite statement. Mot. to Dismiss and Mot. for More Definite Statement, ECF No. 53. On that same date, Swedish Match filed a motion to dismiss for lack of personal jurisdiction. Mot. to Dismiss, ECF No. 54.

On October 2, 2024, Mr. Norris voluntarily dismissed his claims against Swedish Match. *See* Not. of Voluntary Dismissal, ECF No. 59; *see also* Order, ECF No. 61 (Oct. 3, 2024).

On October 11, 2024, this Court stayed discovery in this Action, apart from initial disclosures, until the resolution of the motion to dismiss and motion to stay. Order, ECF No. 66.

On December 4, 2024, Mr. Kelly filed an Amended Complaint. *Kelly* Am. Compl.

On December 18, 2024, in *Kelly*, Philip Morris moved to dismiss the Amended Complaint and argued that personal jurisdiction was lacking. *Kelly*, ECF No. 91 (S.D. Fla. Dec. 18, 2024).

On March 19, 2025, the Southern District of Florida denied Philip Morris's motion to dismiss and found that Mr. Kelly sufficiently alleged personal jurisdiction over Philip Morris in Florida. *Kelly*, ECF No. 119 (S.D. Fla. Mar. 19, 2025).

On April 11, 2025, Philip Morris filed its motion to stay under the first-filed rule. Mot. to Stay, ECF No. 82; Mem. in Supp. of Mot. to Stay, ECF No. 82-1 ("Mot.").

On May 2, 2025, Mr. Norris filed his opposition to the motion to stay. Mem. in Opposition re Mot. to Stay, ECF No. 83; Corrected Mem. in Opposition, ECF No. 86 (May 5, 2025) ("Opp'n")

On May 16, 2025, Philip Morris filed its reply. Reply, ECF No. 87 ("Reply").

## II.  STANDARD OF REVIEW

It is a "well-settled principle in this Circuit that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (citation omitted). The "first-to-file" or "first-filed" rule "embodies considerations of judicial administration and conservation of resources." *Id.* at 80; *see also Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274 (2d Cir. 2008). "It also protects parties from the considerable expense and potential for inconsistent judgments that duplicate litigation entails." *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001) (citation omitted).

"Courts should only apply the rule, however, if in fact the suits are duplicative, . . . that is, if both cases have identical or substantially similar parties and claims[.]" *Veritas–Scalable Inv. Prods. Fund, LLC v. Fb Foods, Inc.*, 238 F.R.D. 339, 343 (D. Conn. 2006) (internal citations and quotations omitted). "Claims are considered duplicative if they arise from the same nucleus of facts." *Tucker v. Am. Int'l Grp., Inc.*, 728 F. Supp. 2d 114, 121 (D. Conn. 2010). "Importantly, the rule does not require *identical* parties in both cases, but merely requires 'substantial overlap.'" *Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 206 (E.D.N.Y. 2006) (citations omitted) (emphasis in original).

If the claims are duplicative, the court must then consider whether one of the two exceptions to the first-filed rule applies. *See Tucker*, 728 F. Supp. 2d at 121. The Second Circuit has "recognized only two exceptions to the first-filed rule: (1) where the 'balance of convenience' favors the second-filed action, . . ., and (2) where 'special circumstances' warrant giving priority to the second suit[.]" *Emps. Ins. of Wausau*, 522 F.3d at 275 (citations omitted). The determination of whether an exception to the first-filed rule applies is left to the discretion of the district court. *See Alden Corp. v. Eazypower Corp.*, 294 F. Supp. 2d 233, 235 (D. Conn. 2003) ("In deciding between competing jurisdictions, the balancing of convenience is left to the district court."); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 (S.D.N.Y. 2000) ("The determination as to whether there are circumstances warranting a departure from the first-filed rule is committed to the sound discretion of the district court.").

"Although these basic principles are 'well-settled,' their application has yielded dramatically inconsistent results." *Emps. Ins. of Wausau*, 522 F.3d at 275. "[T]he first-filed rule does not constitute an invariable mandate," *id.*, and the "rule is not to be applied mechanically." *Reliance Ins. Co.*, 155 F. Supp. 2d at 54. Rather, "the first-filed rule is only a 'presumption' that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Emps. Ins. of Wausau*, 522 F.3d at 275 (citation and internal quotation marks omitted); *Reliance Ins. Co.*, 155 F. Supp. 2d at 54.

"'As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit,' so long as neither suit has reached a final judgment." *Marciniak v. Massachusetts Inst. of Tech.*, No. 23 CIV. 10305 (JPC), 2024 WL 4350872, at *7 (S.D.N.Y. Sept. 29, 2024) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). "Staying the later-filed action serves to prevent the inefficiency and wastefulness of

allowing duplicative litigation to proceed in two different fora." *Citigroup Inc.*, 97 F. Supp. 2d at 555. "Where the 'first-filed' rule is found applicable, the decision of whether to stay or dismiss a proceeding rests within a district judge's discretion." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012) (citation and internal quotation marks omitted).

## III.   DISCUSSION

Philip Morris argues that because *Kelly* was filed in the Southern District of Florida several months before Mr. Norris brought this case and asserts similar factual allegations and brings similar claims, the Court should stay this matter under the first-filed rule. Mot. at 1–2. Philip Morris further argues that a stay is warranted given (1) the *Kelly* court's ruling denying Philip Morris's motion to dismiss for lack of jurisdiction and (2) the Eastern District of California's ruling staying an allegedly similar case in light of *Kelly*, *see Bates-Ferreira v. PMI Inc.*, Case No. 2:24-cv-00987, ECF No. 47 (E.D. Cal. March 28, 2025). *Id*. at 4–5.

In response, Mr. Norris argues that the first-filed rule does not control here, because this action is the only case in which personal jurisdiction against Philip Morris is not at issue, and because the *Kelly* plaintiff engaged in forum shopping. Opp'n at 2–3.[2] Mr. Norris also argues that the "balance of convenience" favors Connecticut because key witnesses, documents, and decisions related to the marketing of ZYN are located in the state. *Id.* at 3.

In reply, Philip Morris claims that Mr. Norris fails to meet his burden in showing an exception to the first-filed rule applies, because no "special circumstance" warranting an exception exists, Reply at 4–10, and the "balance of convenience" favors Florida, given that Mr. Norris purchased and used ZYN in Florida, is premised on conduct occurring in Florida, seeks to represent

---

[2] Where the internal pagination conflicts with the ECF-generated pagination, this Order shall refer to the ECF-generated pagination.

two subclasses consisting of Florida residents, and brings claims based on Florida law, *id.* at 10–11.

As a threshold matter, neither party disputes that the *Kelly* action "ha[s] identical or substantially similar parties and claims." *Veritas–Scalable Inv. Prods. Fund*, 238 F.R.D. at 343. While Mr. Norris's claims here are not identical to those brought by the plaintiff in *Kelly*, because both cases relate to the advertising and sale of ZYN to youth in Florida, there is "substantial overlap" between these matters such that the presumption in favor of a stay pending resolution of the first-filed action applies. *See Spotless Enters.*, 415 F. Supp. 2d at 206 ("[T]he rule does not require *identical* parties in both cases, but merely requires 'substantial overlap.'") (emphasis in original).

The crucial inquiry, therefore, is whether one of the two exceptions to the first-filed rule apply: (1) whether "the 'balance of convenience' favors the second-filed action," or (2) whether "'special circumstances' warrant giving priority to the second suit[.]" *See Emps. Ins. of Wausau*, 522 F.3d at 275.

The Court will address each exception in turn.

### A. The Balance of the Convenience Exception

In determining whether the "balance of convenience" favors the second-filed action, courts "have considered the ties between the litigation and the forum of the first-filed action." *Emps. Ins. of Wausau*, 522 F.3d at 275. Thus, "the factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue [under] 28 U.S.C. § 1404(a)." *Id.* (internal citation and quotation marks omitted). These factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

*Id.* (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (alteration in original)). In this District, "[t]wo additional factors . . . are [also] customarily included in § 1404(a) analysis . . .: the district court's familiarity with governing law; and trial efficiency and the interest of justice." *See Boehringer Ingelheim Vetmedica, Inc. v. Merial, Ltd.*, No. CIV. 3:09CV212 (AWT), 2010 WL 174078, at *14 (D. Conn. Jan. 14, 2010) (citing *Alden Corp. v. Eazypower Corp.*, 294 F.Supp.2d 233, 237 (D. Conn. 2003)).

Mr. Norris argues that because Philip Morris has its headquarters in Connecticut, relevant witnesses, documents, and key decisions relevant to the marketing of ZYN are located in the state, and the overall convenience of the parties therefore favors litigating in the Connecticut. Opp'n at 10–12.

In reply, Philip Morris argues that it is a holding company that is not involved in the marketing of ZYN, and regardless relevant witnesses and documents can be obtained through the Court's subpoena powers or electronically. Reply at 9–10. Philip Morris also argues that because Mr. Norris seeks to represent two putative subclasses consisting of Florida residents, alleges conduct that occurred in Florida, and brings claims based in Florida law, the balance of convenience favors Florida. *Id.* at 10.

The Court agrees.

As to the first factor, the plaintiff's choice of forum, this weighs in favor of Connecticut, as Mr. Norris has brought suit in this District.

Factors two through six are neutral. For factors two (the convenience of witnesses), four (the convenience of the parties), and five (the locus of operative facts), while Phillip Morris has its headquarters in Connecticut and Mr. Norris alleges that key marketing decisions were made here, Mr. Norris is a resident of Florida and his claims are predicated on transactions and

advertising that occurred in Florida. Moreover, he seeks to bring a class action on behalf of Florida residents. For factor three, the location of relevant documents, courts have long recognized that "the location of the relevant documents is a non-issue in today's world because copy machines and electronic based discovery make it much easier to obtain documents at a distance." *Timberland Machines, & Irrigation, Inc. v. Echo, Inc.*, No. 08-CV-1947 (JCH), 2009 WL 996044, at *5 (D. Conn. Apr. 13, 2009). Finally, for factor six, the availability of process to compel the attendance of unwilling witnesses, under Federal Rule of Civil Procedure 45, courts may subpoena "a party or a party's officer," Fed. R. Civ. P. 45(c)(1)(B)(i), and neither party identifies non-party witnesses that would be beyond a district court's subpoena power in either jurisdiction. *See Timberland Machines*, 2009 WL 996044, at *5 ("[A] party moving under section 1404(a) must 'specify the key witnesses to be called and must make a general statement of what their testimony will cover.'" (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), *rev'd on other grounds*, 652 F.2d 278 (2d Cir. 1981))).

Given that the parties agree Philip Morris has more significant means, *see* Opp'n at 11, the seventh factor, the relative means of the parties, would typically favor Florida, as Philip Morris is better equipped to bear expenses from traveling to a different forum. *See Dealtime.com v. McNulty*, 123 F. Supp. 2d 750, 756 (S.D.N.Y. 2000) ("As McNulty is a private individual and DealTime is an international corporation, DealTime is better positioned to bear any financial inconvenience that might be incurred by transfer."). Because Mr. Norris contests transfer in favor of the *Kelly* jurisdiction, however, this factor is given little weight due to the unique circumstances here. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems. . . . Necessarily, an

ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.”).

As for the two additional factors considered in this District—the court’s familiarity with governing law, and trial efficiency and the interest of justice—these weigh in favor of Florida. Two out of Mr. Norris’s three claims are brought under Florida statutes, and thus the district court in Florida has greater familiarity with governing law. *Cf. Dealtime.com*, 123 F.Supp.2d at 757 (“If, pursuant to a choice of law analysis, it is determined that these issues will be governed by the state law of one forum rather than the other, then the greater familiarity of the federal court sitting in that forum militates somewhat in favor of transfer.”). In addition, given the *Kelly* court’s ruling finding that Mr. Kelly sufficiently alleged personal jurisdiction over Philip Morris in Florida, and the potential for duplicative litigation, considerations of efficiency favor staying this matter until a ruling on class certification in *Kelly*.

Accordingly, considering these factors as a whole, the balance of the convenience does not favor Mr. Norris’s action, at least at this time.

### B. The Special Circumstances Exception

“Given the centrality of the balance of convenience, the ‘special circumstances’ in which a district court may dismiss the first-filed case without this analysis are quite rare.” *Emps. Ins. of Wausau*, 522 F.3d at 275. “Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff.” *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). For example, “special circumstances justifying an exception to the rule exist where the first suit constitutes an ‘improper anticipatory filing’ or was motivated solely by forum shopping.” *Reliance Ins. Co.*, 155 F. Supp. 2d at 54; *see also Emps. Ins. of Wausau*, 522

F.3d at 275–76. "The party opposing application of the first-filed doctrine has the burden to show that special circumstances justify an exception." *Reliance Ins. Co.*, 155 F. Supp. 2d at 54.

Mr. Norris argues that courts have recognized a third "special circumstance" for instances "where 'considerations of judicial economy militate in favor of the [second] forum,' such as where no issues as to personal jurisdiction exist in the forum of the second-filed action but do exist in the forum of the first-filed action." Opp'n at 6 (quoting *Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742, 748 (S.D.N.Y. 1977)). He argues that this applies here because "no question exists as to this Court's ability to exercise general personal jurisdiction over Defendant" as Philip Morris is domiciled in Connecticut. *Id*. at 7. Mr. Norris also argues that Philip Morris made the "strategic decision to litigate in two forums until it decided that doing so no longer served its self-interest" and that "[t]his Court may consider Defendant's self-serving conduct as part of its analysis into the special circumstances that weigh in favor of disregarding the first-filed rule." *Id.* at 8 (citing *Schneider*, 435 F.Supp. at 747). Finally, Mr. Norris alleges that because Mr. Kelly's counsel voluntarily dismissed a similar lawsuit brought against Swedish Match and Philip Morris in California before *Kelly* was filed, *Wolters v. Swedish Match North America, LLC et. al.*, Case No. 3:24-cv-00417-AGS-MMP (S.D. Cal.), Mr. Kelly's choice to bring suit in Florida was motivated by forum shopping. *Id*. at 9–10.

In response, Philip Morris argues that the only two recognized "special circumstances" that apply here are (1) "the first-filed lawsuit is an improper anticipatory declaratory judgment action;" or (2) "forum shopping alone motivated the choice of the situs for the first suit." Reply at 5 (citing *Emps. Ins. of Wausau*, 522 F.3d at 275–76) (emphasis removed). Philip Morris argues that "jurisdictional uncertainty" is not a recognized special circumstance, and regardless the *Kelly* court has found that personal jurisdiction exists in Florida. *Id.* Philip Morris further argues that its motion

12

was not motivated by gamesmanship because, as the Defendant in both cases, Philip Morris could not strategically choose a forum. *Id.* at 6–7. Finally, it argues that Mr. Norris "fails to explain how Plaintiff Kelly's choice to file suit in Florida was solely the result of forum shopping" given that Kelly resides in Florida and his claims relate to events occurring in Florida. *Id.* at 9–10.

The Court agrees.

The Second Circuit has made clear that, while forum shopping may justify an exception to the first-filed rule if it is the plaintiff's sole motivation for the first-filed suit, not "any evidence of forum shopping will suffice." *Emps. Ins. of Wausau* 522 F.3d at 276. As the Court in *Employers Insurance of Wausau* stated,

> Any lawyer who files a case on behalf of a client must consider which of the available fora might yield some advantage to his client, and thus, to that degree, engages in "forum shopping." Rather, the first-filing plaintiff must engage in some manipulative or deceptive behavior, or the ties between the litigation and the first forum must be so tenuous or de minimis that a full "balance of convenience" analysis would not be necessary to determine that the second forum is more appropriate than the first.

*Id.*

Mr. Norris has failed to meet his burden in showing that the first-filing plaintiff in *Kelly* engaged in forum shopping. First, Mr. Kelly was not a party to the *Wolters* action, and thus regardless of his counsel's motive for dismissing the *Wolters* action, Mr. Norris presents no evidence that Mr. Kelly himself engaged in forum shopping. Second, assuming without deciding that any improper motive on the part of plaintiff's counsel can appropriately be imputed to the plaintiff where the plaintiff was not party to both cases in which forum shopping is alleged to have occurred, Mr. Norris fails to show that Mr. Kelly was "motivated *solely* by forum shopping" in bringing his action in Florida. *See Emps. Ins. of Wausau*, 522 F.3d at 277 (emphasis in original). Mr. Kelly has his domicile in Florida brings suit for actions that occurred in Florida seeks to bring a class action on behalf of Florida residents, *see Kelly* Am. Compl. ¶¶ 7, 14, 71 and, according to

13

Mr. Norris, his counsel are based in Florida, *see* Opp'n at 9. Thus, Mr. Kelly's choice of forum is likely motivated, in part, by the substantial relationship between his case and the Southern District of Florida and is not "motivated solely by forum shopping." *Reliance Ins. Co.*, 155 F. Supp. 2d at 54.

As for Mr. Norris's remaining arguments, while the Southern District of New York's decision in *Schneider* opined that the two commonly recognized "special circumstances" were "merely examples of situations which would justify a departure from the 'first-filed' rule of priority" and that "the Court of Appeals contemplated that there are other situations or 'factors of substance' warranting departures from the first-filed rule." 435 F. Supp. at 747, *aff'd*, 573 F.2d 1288 (2d Cir. 1978) (internal citation marks omitted), more recently, the Second Circuit has cautioned that "the 'special circumstances' in which a district court may dismiss the first-filed case without this analysis are quite rare" because of "the centrality of the balance of convenience" inquiry.[3] *Emps. Ins. of Wausau*, 522 F.3d at 275. As discussed above, while judicial efficiency is a factor contemplated when evaluating whether the balance of the convenience favors the second-filed action, the Court is reluctant to recognize "jurisdictional uncertainty" as a third "special circumstance" that, like forum shopping or improper anticipatory filings, justifies an exception to the first-filed rule.

In any event, even if jurisdictional uncertainty may be one of several considerations that the Court may weigh when deciding if "special circumstances" are present, "[t]aken as a whole," *see Schneider*, 435 F. Supp. at 751, the facts of this case are distinguishable from those in

---

[3] Moreover, in a later decision, the Southern District of New York clarified that *Schneider* does not necessarily support the "argument that jurisdictional uncertainty is a special circumstance justifying departure from the first-filed rule" where the "special facts" of *Schneider* can be distinguished and "other facts that were important to considerations of judicial economy in [*Schneider*] are not present." *Berisford Cap. Corp. v. Cent. States, Se. & Sw. Areas Pension Fund*, 677 F. Supp. 220, 224 (S.D.N.Y. 1988).

14

*Schneider*. In *Schneider*, five factors, "[t]aken as a whole," weighed in favor of finding special circumstances for allowing the second-filed action to proceed. 435 F. Supp. at 751. One of the factors was that there was "no question" that personal jurisdiction existed in the second-filed action, but there was a "substantial question" as to whether personal jurisdiction could be established in the first-filed action. *See id.* at 748.

Here, however, the *Kelly* court determined that Mr. Kelly's allegations were sufficient for the court to exercise personal jurisdiction over Philip Morris because his Amended Complaint alleged "substantial, systematic and continuous contacts" with Florida from "conducting and soliciting business in [the] State and [the] District, deriving substantial revenue from products and/or services provided to persons in [the] State and [the] District, and in some circumstance[s], from products and serviced provided from persons in [the] State," or, in the alternative, "based upon agency control or alter ego theories." *Kelly*, ECF No. 119 at 4. As a result, Mr. Kelly's claims of jurisdiction are hardly tenuous enough to warrant concern over waste of judicial resources. Moreover, while the parties in this matter have devoted significant resources in briefing a dispositive motion and motions to stay, discovery in this matter, apart from initial disclosures, has been stayed since October 2024. *See* Order, ECF No. 66; Order, ECF No. 77. Mr. Norris therefore fails to demonstrate concerns regarding efficiency or wasted judicial resources that justify an exception to the first-filed rule.

Finally, as Mr. Norris explains, "under Second Circuit precedent, the focus of the forum shopping is on the conduct of the plaintiff, not the defendant." Opp'n at 9–10 (citing *Emps. Ins. of Wausau*, 522 F.3d at 276). Indeed, "[s]pecial circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff." *New York Marine & Gen. Ins. Co*, 599 F.3d at 112. Thus, his argument that "[t]his Court may consider Defendant's self-serving conduct as part

15

of its analysis into the special circumstances that weigh in favor of disregarding the first-filed rule," Opp'n at 8, lacks support in this Circuit's precedent.[4]

Accordingly, Mr. Norris fails to show that special circumstances exist that justify an exception to the first-filed rule.

Because the Court has determined that no exception to the first-filed rule applies, and because granting a stay here until class certification in the Kelly action occurs will "prevent the inefficiency and wastefulness of allowing duplicative litigation to proceed in two different fora," *Citigroup Inc.*, 97 F. Supp. 2d at 555, the Court grants the motion to stay. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 247 ("Where the 'first-filed' rule is found applicable, 'the decision of whether to stay or dismiss a proceeding rests within a district judge's discretion.'" (citation omitted)).

## IV.   CONCLUSION

For the foregoing reasons, the motion to stay under the first-filed rule is **GRANTED**. This case will be stayed until a decision regarding class certification is issued in *Kelly v. Philip Morris International Inc., et al.*, No. 24-cv-60437-WPD (S.D. Fla.).

As a result of this Ruling and Order, the pending motion to stay discovery, ECF No. 48 and the motion to dismiss and for a more definite statement, ECF No. 53, are **DENIED** without prejudice to renewal.

**SO ORDERED** at New Haven, Connecticut, this 13th day of June, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[4] Given the *Kelly* court's initial ruling granting Philip Morris's motion to dismiss Mr. Kelly's initial Complaint for lack of personal jurisdiction. *see* Kelly, ECF No. 59, Defendant's decision to litigate that issue in *Kelly* hardly constitutes "manipulative or deceptive behavior" sufficient to justify finding a "special circumstance" here.